IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MAURICE MITCHELL | § | |
| | § | |
| v. | § | C.A. NO. C-09-213 |
| | § | |
| RICK THALER | § | |

## MEMORANDUM AND
## RECOMMENDATION TO DISMISS HABEAS PETITION

Petitioner is a state prisoner currently incarcerated at the McConnell Unit in Beeville, Texas.  (D.E. 1, at 1).  On August 21, 2009, Petitioner filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging a disciplinary proceeding.  Id.  On October 28, 2009, Respondent filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (D.E. 10).  Petitioner filed a response on January 4, 2010.  (D.E. 15, at 4-24).  On January 22, 2010, Respondent's motion was converted to a motion for summary judgment.[1]  (D.E. 16).  For the reasons stated herein, it is respectfully recommended that

---

[1] The Fifth Circuit has explained that "[a] motion to dismiss for failure to state a claim is inappropriate practice in habeas." Miramontes v. Driver, 243 F. App'x 855, 856 (5th Cir. 2007) (per curiam) (unpublished) (citing Browder v. Director, Dep't of Corr. of Ill., 434 U.S. 257, 269 n.14 (1978)); accord Rasmussen v. Joslin, No. C-07-355, 2008 WL 2329105, at *1 n.1 (S.D. Tex. June 4, 2008) (unpublished) (discussing Miramontes).

Respondent's motion relies in part on an exhibit concerning matters outside the pleadings.  (D.E. 10, at Ex. A).  Accordingly, Respondent's motion was treated as one for summary judgment and both parties were given until February 5, 2010 to present any additional pertinent evidence.  See Fed. R. Civ. P. 12(d); see also Rasmussen, 2008 WL 2329105, at *1 (converting a Rule 12(b)(6) into a motion for summary judgment and allowing the parties additional time to supplement their filings); (D.E. 16).  Neither party submitted any materials.

Respondent's motion for summary judgment be granted.

## I. JURISDICTION

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254, which provide that jurisdiction is proper where the inmate is confined, or where the conviction was obtained. Wadsworth v. Johnson, 235 F.3d 959, 961-62 (5th Cir. 2002). Petitioner is incarcerated in Beeville, Texas. (D.E. 1). Jurisdiction is therefore proper in this Court.

## II. BACKGROUND

While serving a term of cell restriction at the McConnell Unit, Petitioner was charged by prison officials with being "out of place" on April 22, 2009 when he was found outside his cell, even though Petitioner claims this was permitted on that specific day. (D.E. 1, at 8). That same day, he was given notice of the charge in the form of a major case report. Id. at 9. He notes that many other offenders were charged for the same offense that day, but only received a minor case report and were let go with a verbal reprimand. Id.

Petitioner was initially brought before a disciplinary hearing on April 27, 2009 at which he pled not guilty to the charge against him. Id. The hearing was pushed back more than five times until he was finally found guilty at a May 21, 2009 hearing. Id. at 7, 9. Petitioner was sentenced to 45 days of commissary and

recreation restriction and a change in line class from S-3 to S-4, but his line class was restored soon thereafter. Id. at 9, 15. Subsequently, he appealed the hearing's decision in a Step 1 grievance, which was denied, and a Step 2 grievance, which was denied as untimely. Id. at 13-14.

### III. DISCUSSION

Petitioner claims that his loss of commissary and recreation days and temporary reduction in line status violated his Fourteenth Amendment right to Due Process, and that his conviction at the hearing was not supported by evidence and should have been procedurally barred because the hearing was not held within twenty days of his notice of the charge as generally required by prison policy. (D.E. 1, at 15). In a supplemental petition, he reiterates that there was insufficient evidence to support the guilty finding and that he is being denied early release on mandatory supervision because that guilty finding was for a major infraction. (D.E. 15, at 27). He seeks five hundred dollars in punitive damages, fees, costs, and interest, and to have his commissary and recreation days restored. (D.E. 1, at 15); (D.E. 15, at 18-23).[2] Respondent asserts Petitioner has failed to state a claim upon which relief can be granted. (D.E. 10, at 1).

---

[2] Monetary damages are unavailable to habeas petitioners. See Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't, 37 F.3d 166, 168 (5th Cir. 1994).

**A.      The Standard Of Review For Summary Judgment Motions.**

Summary judgment is appropriate when there is no disputed issue of material fact, and one party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Courts must consider the record as a whole, including all pleadings, depositions, affidavits, interrogatories and admissions on file, in the light most favorable to the non-movant. Caboni v. Gen. Motors Corp., 278 F.3d 448, 451 (5th Cir. 2002).

The party seeking summary judgment bears the initial burden of demonstrating an absence of a genuine issue of material fact and informing the court of the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which support its contention. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Williams v. Adams, 836 F.2d 958, 960 (5th Cir. 1988). Any controverted evidence must be viewed in the light most favorable to the non-movant, and all reasonable doubts must be resolved against the moving party. See Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990).

If the moving party makes the required showing, then the burden shifts to the non-movant to show that a genuine issue of material fact remains for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-87 (1986);

Fields v. City of S. Houston, 922 F.2d 1183, 1187 (5th Cir. 1991) (citation omitted). The non-movant cannot merely rest on the allegations of the pleadings, but must establish that there are material controverted facts in order to preclude summary judgment. Fed. R. Civ. P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986) (citation omitted). Summary judgment is proper if the non-movant fails to make a showing sufficient to establish the existence of an element essential to his case on which he bears the burden of proof. Celotex, 477 U.S. at 322-23; ContiCommodity Servs., Inc. v. Ragan, 63 F.3d 438, 441 (5th Cir. 1995) (citations omitted).

**B.     Petitioner Has Not Invoked A Constitutionally Protected Right.**

A petitioner challenging a disciplinary hearing must show that the punishment intrudes on a protected liberty interest "so as to entitle him to those minimum procedures appropriate under the circumstances and required by the due process clause to insure that the state-created right is not arbitrarily abrogated." Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997) (citation omitted); see also Malchi v. Thaler, 211 F.3d 953, 957 (5th Cir. 2000) ("Federal habeas relief cannot be had 'absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution....'") (citation omitted). The Supreme Court has explained that "these [liberty] interests will be

5

generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force ..., nonetheless imposes atypical and significant hardship ... in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995) (citations omitted). The Fifth Circuit has further explained that "these interests are generally limited to state created regulations or statutes which affect the quantity of time rather than the quality of time served by a prisoner." Madison, 104 F.3d at 767.

Specifically, the loss of commissary and recreation privileges are not atypical, significant deprivations that could encroach upon any liberty interest. Sandin, 515 U.S. at 485-86; Madison, 104 F.3d at 768 ("[Plaintiff's] 30 day commissary and cell restrictions ... do not represent the type of atypical, significant deprivation in which a state might create a liberty interest."). Similarly, Texas prisoners have no protected interest in assignment to any good-time credit earning status. Malchi, 211 F.3d at 958-59; Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995) (per curiam). Thus, the reduction in line status is too attenuated to establish a bar to release on mandatory supervision.

As a result of Petitioner's disciplinary conviction, he lost commissary and recreational days and temporarily suffered a reduction in time-earning status. The

Supreme Court and Fifth Circuit have spoken directly on these issues and concluded they are not the type of liberty interests protected by the Fourteenth Amendment. Accordingly, it is respectfully recommended that Petitioner has not stated a constitutional claim redressable through a habeas petition.

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Fifth Circuit from a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability. A district court may sua sponte rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious." Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).

The statute establishes that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires

an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2254 petitioner to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (citation omitted).

As to claims district courts reject solely on procedural grounds, a petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

It is respectfully recommended that reasonable jurists could not debate the denial on substantive or procedural grounds nor find that the issues presented are adequate to proceed. Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court find that Petitioner is not entitled to a certificate of appealability.

## V. RECOMMENDATION

Based on the foregoing reasons, it is respectfully recommended that Respondent's motion for summary judgment, (D.E. 10), be granted, and this petition, (D.E. 1), be dismissed. Additionally, it is respectfully recommended that Petitioner be denied a certificate of appealability.

Respectfully submitted this 11th day of February 2010.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).